**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-0684-WJM-MEH

ANN M. LOPEZ,

      Plaintiff,

v.

STATE OF COLORADO,
LA PLATA COUNTY SHERIFF'S DEPARTMENT,
KATHLEEN O'TOOLE, Durango Police Officer,
JENNIFER BAKER,
CASSIE MEREDITH,
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
HOUSING SOLUTIONS OF THE SOUTHWEST,
FORT LEWIS COLLEGE, Financial Aid and Housing Services,
NEEDHAM ELEMENTARY, a Durango Public School,
COLORADO CIVIL RIGHTS DIVISION,
CYNTHIA H. COFFMAN, Colorado Attorney General,
NICOLAS HERNANDEZ, U.S. Attorney's Office, District of Colorado,
UNITED STATES DEPARTMENT OF EDUCATION,
ANDREW RESWOW,
MOREHART MURPHY REGIONAL AUTO CENTER,
AMANDA MATTHEWS,
GEICO AUTO INSURANCE,
ALLSTATE INSURANCE, and
ZURICH AMERICAN INSURANCE COMPANY,

      Defendants.

_____

**ORDER ADOPTING JANUARY 7,2020 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

_____

      This matter is before the Court on the January 7, 2020 Recommendation of

United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No.

180) on Defendants Jennifer Baker, Cassie Meredith, and La Plata County Sheriff's

Department's (collectively, "La Plata Defendants") Motion to Dismiss (ECF No. 146),

Defendant Morehart Murphy Regional Auto Center's ("Morehart") Motion to Dismiss (ECF No. 143), Defendant Geico Auto Insurance's ("Geico") Motion to Dismiss (ECF No. 155), Defendant Needham Elementary's Motion to Dismiss (ECF No. 137), Defendant Zurich American Insurance Company's ("Zurich") Motion to Dismiss (ECF No. 114), Defendants State of Colorado, Cynthia H. Coffman, Andrew Reswow, and Colorado Civil Rights Division's ("CCRD") (collectively, "State Defendants") Motion to Dismiss (ECF No. 132), Defendant Housing Solutions of the Southwest's ("Housing Solutions'") Motion to Dismiss (ECF No. 148), Defendant Amanda Matthews' Motion to Dismiss (ECF No. 141), Defendant Kathleen O'Toole's Motion to Dismiss (ECF No. 151), Defendant Fort Lewis College's (the "College") Motion to Dismiss (ECF No. 149), and Defendant Allstate Insurance's ("Allstate") Motion to Dismiss (ECF No. 153). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons that follow, the Recommendation is adopted in its entirety.

## I. BACKGROUND

Plaintiff Ann M. Lopez is a Native American and member of the Cheyenne River Sioux Tribe, who moved with her husband and child from South Dakota to Durango, Colorado in August 2016, at least in part to study at the College. (ECF No. 108 at 4–24.) She alleges that she and her family were subjected to a pattern of discrimination committed by various private, local and state, and federal government actors in Colorado. (*Id.*) Plaintiff accordingly brings claims against Defendants under various federal and state laws. Her factual allegations in the operative third amended complaint (the "Complaint") are set forth more fully in Judge Hegarty's

Recommendation (ECF No. 180 at 1–8), and as necessary below.

Defendants filed eleven separate motions to dismiss, all of which are at issue in the Recommendation and in this Order. On January 21, 2020, Housing Solutions filed an Objection to the Recommendation (ECF No. 181), and on January 23, 2020, Plaintiff filed an Objection to the Recommendation (ECF No. 182). Some Defendants filed Responses to Plaintiff's Objection. (ECF Nos.185, 186, 190, 192, 194, & 197.)

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### B. Rule 12(b)(1) Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's case, but only a

determination that the court lacks authority to adjudicate the matter.  *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).  A motion to dismiss under Rule 12(b) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations."  *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).  The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

## C.      Rule 12(b)(6) Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### D.    Review of a *Pro Se* Plaintiff's Pleadings

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## III.  ANALYSIS

Plaintiff objects to the Recommendation for the following reasons:

A.    Document excludes key points and facts with regard to the complaint and plaintiff wishes to preserve the details of her argument in order to show the defendants relation to one another. Her family unit is described with child and spouse to keep events comprehensive on the timeline of events.

B.    Plaintiff can prove her losses and what has replaced her regular schedule in life and is seeking damages for her losses but included "experiences" of family unit to allow the details of the timeline to show relation on the part of the named Defendants.

C.    All named Defendants show "negligent conduct" with regard to the rights of plaintiff and many defendants up to current show retaliatory and adverse action.

D.    Defendants acted intentionally in different ways to cause harm physically, psychologically, financially, and spiritually. The deterrence that occurs causes

other individuals to shy away from challenging the misconduct and puts plaintiff at further risk in this "civil" matter where claimant has already experienced retaliation.

E.     Plaintiff meets the four elements showing negligence on the part of all "*named defendants*".  Duty, Breach Cause and Harm.

F.     A dismissal of all defendants would allow repetition of the misconduct and put many more civilians at risk. Allowing Defendants to be essentially "*above the law*".

G.     Plaintiff is entitled to relief under the **Universal Citation:** CO Rev Stat § 18-9-121 (2016)

H.     Plaintiff establishes plausible claims against all named defendants under the **Universal Citation:** CO Rev Stat § 13-21-111 (2016)

(ECF No. 182 at 10–11 (emphases in original).)

## A.     Third-Party Claims

The Magistrate Judge recommended that, to the extent Plaintiff seeks to bring claims on behalf of anyone other than herself, those claims should be dismissed because a *pro se* litigant may not represent other *pro se* litigants in federal court.  (*Id.* at 11.)  Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059. Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  To the extent Plaintiff brings claims on behalf of parties unrepresented in this case, those claims will be dismissed without prejudice.

**B.     Housing Solutions' Motion to Dismiss (ECF No. 148)**

Plaintiff brings claims against Housing Solutions under 18 U.S.C. § 242, the Fair Housing Act ("FHA"), the Colorado Fair Housing Act ("CFHA"), and the First Amendment via 42 U.S.C. § 1983.  The Magistrate Judge recommended that Housing Solutions' Motion be granted as to Plaintiff's § 242 claim because that statute does not provide a private right of action.  (ECF No. 180 at 35.)  The Magistrate Judge further recommended that Housing Solutions' Motion be granted as to the FHA and CFHA claims because Plaintiff has not plausibly alleged violations of those statutes.  (*Id.* at 35–36.)  Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059. Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Housing Solutions' Motion will be granted as to Plaintiff's § 242, FHA, and CFHA claims, and those claims will be dismissed without prejudice.

The Magistrate Judge recommended, however, that Housing Solutions' Motion be denied as to Plaintiff's First Amendment claim.  (*Id.* at 36.)  Housing Solutions' Objections to the Recommendation were timely, and are sufficiently specific to trigger *de novo* review of this claim.  *See 2121 E. 30th St.*, 73 F.3d at 1059.

Plaintiff's Complaint includes a section in which she makes allegations against Housing Solutions, the Department of Housing & Urban Development ("HUD"), and the College.  (ECF No. 108 at 14–16.)  Relevant to Plaintiff's First Amendment claim against Housing Solutions are the following allegations:

When Plaintiff arrived in Durango to attend the College, the College did not have

housing available for her as she expected it to.  (*Id.* at 15.)  As such, Plaintiff and her family were homeless in Durango for two months.  (*Id.*)  Plaintiff then contacted Housing Solutions, which provided Plaintiff and her family housing in Durango.  (*Id.*)

Thereafter, a neighbor of Plaintiff's began to stalk and harass Plaintiff and her family.  Plaintiff also began to experience "harassment from staff members" of an unspecified "housing program in Durango."  (*Id* at 14.)  Plaintiff was subjected to "many racially bias[ed] comments about Native Americans," by "people working in local offices of housing for the college and public housing."  (*Id.*)

Plaintiff alleges that "[t]he housing program in Durango Colorado refused to process [a] complaint of [hers] regarding the stalking tenant and harassment from staff members."  (*Id.*)  Consequently, Plaintiff's "formal complaint never reached the Denver state office and the complaint was suppressed and hindered [Plaintiff's] free speech protections as well as her right to have equal enjoyment of a place of public accommodation from 2016 to 2018."  (*Id.*)

Housing Solutions points out that the only explicit mention of it in Plaintiff's Complaint is in the allegation that, after two months of Plaintiff and her family being homeless, Housing Solutions "was contacted for alternative housing."  (ECF No. 148 at 6.)  Consequently, Housing Solutions argues, it is not sufficiently clear from the Complaint that Housing Solutions is "the housing program" that allegedly suppressed Plaintiff's harassment complaint.  (*Id.*)  The Court disagrees.

In the Court's view, it can reasonably be inferred from Plaintiff's Complaint that Housing Solutions provided Plaintiff's housing accommodations from sometime in late

2016 until at least June 2018, when the College approved her application for family housing. (*See id* at 14–16.) Thus, because Plaintiff also alleges that the staff members who were harassing her worked for the same "housing program" that refused to consider her complaint, and that the staff members who harassed her worked "in *local* offices of housing for the college *and* public housing" (ECF No. 108 at 14 (emphasis added)), a plausible inference can be made that it was Housing Solutions—not HUD or the College—that refused to consider and suppressed her discrimination complaint.

Housing Solutions further argues that Plaintiff fails to plausibly allege the elements of a First Amendment retaliation claim, namely that she: (1) "engaged in constitutionally protected activity, (2) the defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity, and (3) the defendant's actions were substantially motivated as a response to her protected conduct." *McBeth v. Himes*, 598 F.3d 708, 724 (10th Cir. 2010). The Court again disagrees.

Plaintiff's formal complaint regarding discriminatory harassment by a local housing entity's employees constitutes speech protected by the First Amendment. *See Conaway v. Smith*, 853 F.3d 789, 796 (10th Cir. 1988); *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). Whether Plaintiff has plausibly alleged the second element of a First Amendment retaliation claim is a closer call, but in light of the allegation that Plaintiff's "formal complaint never reached the Denver state office and the complaint was suppressed," the Court concludes that the active suppression of a

complaint of discrimination could chill a person of ordinary firmness from continuing to complain of such discrimination. Moreover, because Plaintiff alleges that the adverse action taken by Housing Solutions was suppression of the constitutionally protected activity itself, Plaintiff has plausibly alleged that Housing Solutions' actions were substantially motivated as a response to her protected conduct.

Accordingly, Plaintiff has plausibly stated a First Amendment retaliation claim against Housing Solutions. Housing Solutions' Objections to the Recommendation are therefore overruled, and the Recommendation in this respect is adopted. Housing Solutions' Motion as to Plaintiff's First Amendment claim will be denied.

## C. Zurich's Motion to Dismiss (ECF No. 114)

The Magistrate Judge construed Plaintiff's Complaint as bringing the following claims against Zurich: (1) First and Fourteenth Amendment claims under 42 U.S.C. § 1983; (2) a claim under Colo. Rev. Stat. §§ 24-34-601 *et seq.* for discrimination in public accommodations; (3) a claim under Colo. Rev. Stat. § 10-3-1115 for unreasonable delay or denial of the payment of insurance benefits; and (4) a common-law "bad faith" claim. (ECF No. 180 at 12.)

The Magistrate Judge recommended that Plaintiff's constitutional claims against Zurich be dismissed because Plaintiff failed to plausibly allege the state action required for a constitutional violation. (*Id.* at 13.) The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at 14.) Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d

at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Plaintiff's claims against Zurich will be dismissed without prejudice.

**D.     State Defendants' Motion to Dismiss (ECF No. 132)**

      **1.     Colorado and CCRD**

Plaintiff brings First and Fourteenth Amendment claims against Colorado and CCRD under § 1983, and claims under Colo. Rev. Stat. §§ 18-9-121 and 10-3-1114.  The Magistrate Judge recommended that Plaintiff's federal claims against Colorado and CCRD be dismissed because those claims are barred by the Eleventh Amendment.  (ECF No. 180 at 15.)  The Magistrate Judge further recommended that the state law claims be dismissed because supplemental jurisdiction does not extend to non-consenting state defendants.  (ECF No. 180 at 15–16.)

As to Plaintiff's federal claims and Plaintiff's claim under Colo. Rev. Stat. § 10-3-1114, Plaintiff's Objections are insufficiently specific to trigger the Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts the Recommendation as to those claims.  *See Summers*, 927 F.2d at 1167.  State Defendants' Motion will be granted as to Plaintiff's federal claims, and Plaintiff's claim brought under Colo. Rev. Stat. § 10-3-1114.  Those claims will be dismissed without prejudice.

However, because Plaintiff explicitly mentions Colo. Rev. Stat. § 18-9-121 in her Objections (ECF No. 182 at 11), the Court will review State Defendants' Motion with respect to that claim *de novo*.  Plaintiff has the burden of establishing subject-matter

jurisdiction, *Pueblo of Jemez*, 790 F.3d at 1151, but she does not allege that diversity jurisdiction exists in this case. The Court will decline to exercise supplemental jurisdiction over Plaintiff's claim brought against Colorado and CCRD under Colo. Rev. Stat. § 18-9-121, and that claim will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

### 2. Coffman and Reswow

Plaintiff brings First and Fourteenth Amendment claims under § 1983, and a claim under Colo. Rev. Stat. § 24-34-601, against Coffman and Reswow. The Magistrate Judge recommended that Plaintiff's federal claims be dismissed because Coffman and Reswow are entitled to qualified immunity. (ECF No. 180 at 16–18.) The Magistrate Judge further recommended that Plaintiff's state law claims be dismissed because supplemental jurisdiction should not be exercised over them. (ECF No. 180 at 18.) Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d at 1059. Finding no clear error, the Court adopts this part of the Recommendation. *See Summers*, 927 F.2d at 1167. State Defendants' Motion will be granted in this respect, and Plaintiff's claims against Coffman and Reswow will be dismissed without prejudice.

## E. Needham Elementary's Motion to Dismiss (ECF No. 137)

The Magistrate Judge recommended that Needham Elementary's Motion be granted because Plaintiff has not alleged that the school caused her any legally cognizable injury. (ECF No. 180 at 19.) Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review. *See*

*2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Needham Elementary's Motion will be granted, and Plaintiff's claims against Needham Elementary will be dismissed without prejudice.

**F.     Matthews' Motion to Dismiss (ECF No. 141)**

The Magistrate Judge construed Plaintiff's Complaint as bringing a claim under "Colorado traffic law 42-4-1402(1), (2)(a) T2–Careless Driving."  (ECF No. 180 at 20.) The Magistrate Judge recommended dismissal of this claim because the Court lacks subject-matter jurisdiction over it.  Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Matthews' Motion will be granted, and Plaintiff's claim against Matthews will be dismissed without prejudice.

**G.     Morehart's Motion to Dismiss (ECF No. 143)**

Plaintiff brings a Fair Credit Reporting Act ("FCRA") claim, and various state law claims against Morehart.  The Magistrate Judge recommended Morehart's Motion be granted as to Plaintiff's FCRA claim because Plaintiff fails to allege, among other things, that Morehart made false reports about her credit.  (ECF No. 180 at 23.)  The Magistrate Judge further recommended that Plaintiff's state law claims against Morehart be dismissed because supplemental jurisdiction should not be exercised over them. (ECF No. 180 at 24.)  Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger the Court's *de novo* review.  *See 2121 E. 30th St.*, 73

F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Morehart's Motion will be granted, and Plaintiff's claims against Morehart will be dismissed without prejudice.

**H.     La Plata Defendants' Motion to Dismiss (ECF No. 146)**

Plaintiff brings First Amendment, procedural and substantive due process, and equal protection claims against La Plata Defendants under § 1983.  Plaintiff also brings claims under 18 U.S.C. § 242, 34 U.S.C. § 10228(c), 42 U.S.C. § 2000d, and various state laws.  The Magistrate Judge recommended that La Plata Defendants' Motion be granted as to Plaintiff's federal claims because Plaintiff fails to plausibly allege a violation of any federal law.  The Magistrate Judge further recommended that Plaintiff's state law claims against La Plata Defendants be dismissed because supplemental jurisdiction should not be exercised over them.  (ECF No. 180 at 27–31.)

Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger this Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  La Plata Defendants' Motion will be granted in this respect, and Plaintiff's claims against La Plata Defendants will be dismissed without prejudice.

In their Motion, La Plata Defendants additionally seek an award of attorneys' fees.  The Magistrate Judge recommended that the Motion be denied in this respect. (ECF No. 180 at 33.)  La Plata Defendants did not file objections to the Recommendation.  Finding no clear error, the Court adopts this part of the

14

Recommendation.  *See Summers*, 927 F.2d at 1167.  La Plata Defendants' Motion is denied to the extent it seeks attorneys' fees.

### I.      The College's Motion to Dismiss (ECF No. 149)

Plaintiff brings several federal and state law claims against the College.  The Magistrate Judge recommended that the College's Motion be granted because the College is not an entity that can be sued under Colorado law.  (ECF No. 180 at 38–39.) Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger this Court's *de novo* review.  *See 2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  The College's Motion will be granted, and Plaintiff's claims against the College will be dismissed without prejudice.

### J.      O'Toole's Motion to Dismiss (ECF No. 151)

Plaintiff brings claims against O'Toole under 18 U.S.C. § 242, Colo. Rev. Stat. §§ 18-9-121 and 42-4-704, and Colorado Rules of Professional Conduct 1.1, 1.3, 1.6, 1.7. The Magistrate Judge recommended that O'Toole's Motion be granted because none of these laws provide a private right of action.  (ECF No. 180 at 42.)

Plaintiff also brings First Amendment, procedural and substantive due process, and equal protection claims under § 1983, and claims under 34 U.S.C. § 10228, 42 U.S.C. § 2000d *et seq.*, Colo. Rev. Stat. §§ 18-9-121, and 10-3-1104.  The Magistrate Judge recommended that O'Toole's Motion be granted as to these claims because Plaintiff has failed to plausibly allege violations of those statutes.  (ECF No. 180 at 42.)

Plaintiff's Objections as to these parts of the Recommendation are not

sufficiently specific to trigger this Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d at 1059. Finding no clear error, the Court adopts this part of the Recommendation. *See Summers*, 927 F.2d at 1167. O'Toole's Motion will be granted in this respect, and Plaintiff's claims against O'Toole will be dismissed without prejudice.

The Magistrate Judge further recommended that, to the extent O'Toole's Motion seeks attorneys' fees, O'Toole's Motion should be denied. (ECF No. 180 at 44-45.) O'Toole did not file objections to the Recommendation. Finding no clear error, the Court adopts this part of the Recommendation. *See Summers*, 927 F.2d at 1167. O'Toole's Motion, to the extent it seeks attorneys' fees, is denied.

**K.    Allstate's Motion to Dismiss (ECF No. 153)**

The Magistrate Judge construed Plaintiff's Complaint as bringing First Amendment and equal protection claims under § 1983, claims under Colo. Rev. Stat. §§ 24-34-601 *et seq.* and 10-3-1115, and a common law "bad faith" claim against Allstate. (ECF No. 180 at 45.)

The Magistrate Judge recommended that Plaintiff's federal claims against Allstate be dismissed because Plaintiff fails to allege that Allstate's conduct constitutes state action. (*Id.* at 46–47.) The Magistrate Judge further recommended that Plaintiff's state law claims against Allstate be dismissed without prejudice because supplemental jurisdiction should not be exercised over them. (ECF No. 180 at 47–48.) Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger this Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d at 1059. Finding no clear error, the Court adopts this part of the Recommendation. *See Summers*, 927 F.2d at

1167.  Allstate's Motion will be granted, and Plaintiff's claims against Allstate will be dismissed without prejudice.

**L.      Geico's Motion to Dismiss (ECF No. 155)**

The Magistrate Judge construed Plaintiff's Complaint as bringing First Amendment and equal protection claims under § 1983, claims under Colo. Rev. Stat. §§ 24-34-601 *et seq.* and 10-3-1115, and a common-law "bad faith" claim against Geico.  (ECF No. 180 at 45.)

The Magistrate Judge recommended that Plaintiff's federal claims against Geico be dismissed because Plaintiff fails to allege that Geico's conduct constitutes state action.  (*Id.* at 46–47.)  The Magistrate Judge further recommended that Plaintiff's state law claims against Geico be dismissed because supplemental jurisdiction should not be exercised over them.  (ECF No. 180 at 47–48.)  Plaintiff's Objections as to this part of the Recommendation are not sufficiently specific to trigger this Court's *de novo* review. *See 2121 E. 30th St.*, 73 F.3d at 1059.  Finding no clear error, the Court adopts this part of the Recommendation.  *See Summers*, 927 F.2d at 1167.  Geico's Motion will be granted, and Plaintiff's claims against Geico will be dismissed without prejudice.  *See Brereton*, 434 F.3d at 1216.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Recommendation (ECF No. 180) is ADOPTED in its entirety;

2.      La Plata Defendants' Motion (ECF No. 146) and O'Toole's Motion (ECF No. 151) are DENIED to the extent they seek attorneys' fees, and are GRANTED in all

other respects;

3. Housing Solutions' Motion (ECF No. 148) is DENIED as to its First Amendment claim and GRANTED in all other respects;

4. All other Motions at issue in the Recommendation and in this Order (ECF Nos. 143, 155, 137, 114, 132, 141, 149, & 153) are GRANTED;

3. With the exception of Plaintiff's First Amendment claim against Housing Solutions, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE;

4. The parties and the Clerk of Court are DIRECTED to amend the case caption in all future filing reflecting Housing Solutions as the sole remaining party Defendant in this action; and

4. The Magistrate Judge shall set this matter for a Scheduling Conference as soon as is practicable, as this action remains pending as to Plaintiff's First Amendment claim against Housing Solutions.

Dated this 6th day of March, 2020.

BY THE COURT:

William J. Martinez
United States District Judge